IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 09-CR-00105 LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO ADJUST SENTENCE** |
| vs. | (Doc. 16.) |
| PEDRO CHAVEZ-CORNELIO | |
| Defendant.                     / | |

**INTRODUCTION**

Defendant Pedro Chavez-Cornelio ("defendant") is a federal prisoner, proceeds pro se, and on November 16, 2010, filed a motion with this Court seeking an adjustment of his sentence. Because the language of the motion itself is unclear, the Court construes this motion as seeking a modification under 18 U.S.C. §3582(c) based on the alleged misapplication of §4A1.1 of the U.S. Sentencing Guidelines.

**BACKGROUND**

On July 23, 2009, defendant was sentenced to 46 months custody with 36 months supervised release with conditions after he plead guilty to violation of 8 U.S.C. §1326(a) and (b)(2) – deported alien found in the United States. Defendant waived his appeal rights. On November 16, 2010, defendant filed a motion seeking an adjustment of that sentence.

1

**DISCUSSION**

A court generally may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582. The court may modify a term of imprisonment if and only if the modification is sought pursuant to Rule 35 of the Rules of Criminal Procedure; pursuant to a statute expressly authorizing such a modification; upon amendment to the underlying sentencing guideline range; or, under certain additional circumstances, if the modification is sought by motion of the Director of the Bureau of Prisons. *Id.*

Though the defendant's motion is unclear, the court construes his motion as seeking a modification of his sentence under 18 U.S.C. § 3582 based upon the alleged misapplication by this Court of §4A1.1 of the U.S. Sentencing Guidelines. An alleged misapplication of the U.S. Sentencing Guidelines is not grounds for the modification of an imposed term of imprisonment. Such a modification is not made pursuant to Rule 35 of the Rules of Criminal Procedure nor is there any statute, or even any part of the U.S. Sentencing Guidelines, authorizing such a modification. Furthermore, the modification is not sought on grounds that the underlying sentencing range has been amended nor by motion of the Director of the Bureau of Prisons. As such, the Court is unable to modify the defendant's imposed term of imprisonment.[1]

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES defendant relief under 18 U.S.C. §3582.

IT IS SO ORDERED.

Dated:     November 17, 2010                    /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE

---

[1] Moreover, this Court did not misapply §4A1.1 of the U.S. Sentencing Guidelines in the way the Court believes the defendant to be alleging. The points defendant received under §4A1.1 in the calculation of his sentence relate to the Defendant's previous imprisonment that resulted from his 1995 conviction of possession for sale of a controlled substance (heroin) in violation of California Health and Safety Code §11351. The mere fact that defendant had already served time for the aforementioned felony does not mean that the sentence of imprisonment does not apply toward the accrual of criminal history points. Indeed, the entirety of chapter four of the U.S. Sentencing Guidelines is specifically concerned with these types of occurrences and others as they may constitute or evince a criminal history or criminal livelihood attributable to the defendant.